<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Dylan F., | Civil Action No: 22-02051 (SDW) (LDW) |
| Plaintiff, | |
| v. | **OPINION** |
| CIGNA HEALTH AND LIFE INS. CO. and ARCADIS U.S., INC., | |
| Defendants. | February 21, 2023 |

**WIGENTON**, District Judge.

Before this Court are Defendant Cigna Health and Life Insurance Company's ("Defendant" or "Cigna") and Defendant Arcadis U.S., Incorporated's ("Defendant" or "Arcadis") Motions to Dismiss Plaintiff University Spine Center's Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (*See* D.E. 26; D.E. 27.)  This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendants' Motions to Dismiss are each **GRANTED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

This is a civil action for underpayment of health benefits.  Plaintiff is a healthcare provider located in Passaic County, New Jersey that rendered medical services to Dylan F. ("Patient") on

or around June 25, 2018, and possibly on June 26, 2018,[1]  (D.E. 21 ¶¶ 3, 12, 14.)  Patient is a

participant in the Cigna Open Access Plus Medical Benefits, Clients PPO Plus Plan ("the Plan"),

a health benefits plan governed by the Employee Retirement Income Security Act of 1974

("ERISA").  (*Id.* ¶¶ 1, 10, Ex. A.)  Cigna is the Claims Administrator for certain benefits under the

Plan, and Arcadis is the Plan Sponsor and Plan Administrator.  (*Id.* ¶ 10; D.E. 26 at 7.)

Plaintiff alleges that it obtained an assignment of benefits from Patient[2] and submitted a

Health Insurance Claim Form ("HICF") demanding reimbursement from Defendant in the amount

of $376,651.00.  (D.E. 21 ¶¶ 4, 19, Ex. E.)  Defendant thereafter issued payment to Plaintiff in the

amount of $8,048.58 for Patient's treatment costs.  (*Id.* ¶ 20, Ex. C.)  Plaintiff disputed Defendants'

calculation of the reimbursement and sought to recover additional payment from Defendants.  (*Id.*

¶¶ 24–25, 26, Ex. F, 27.)  On January 4, 2019, Plaintiff requested a copy of the Summary Plan

Description ("SPD") from Cigna.  (*Id.* ¶ 28.)  On January 17, 2019, a representative from Cigna

sent a 2017 SPD to Plaintiff.  (*Id.* ¶ 29.)  The letter from the representative notes that it pertains to

Dylan F., but states that the SPD being sent is in reference to services provided to "the Perth

Amboy Board of Education."  (*See id.* ¶ 29, Ex. H.)  The 2017 SPD did not have an anti-assignment

clause.  (*Id.* ¶ 32, Ex. D.)  The 2018 SPD—the SPD that pertains to the services rendered, which

does have an anti-assignment clause—was not sent at that time, but was later provided to Plaintiff's

---

[1] The Complaint discusses a reconstructive surgery Patient underwent on June 26, 2018, but does not specify
whether providers employed by Plaintiff performed the surgery.  (D.E. 21 ¶ 14.)  Additionally, the Complaint states
that a medical provider named Michael J. Conn "provided medically necessary services" to Patient on June 19,
2020, but does not specify whether this provider is associated with Plaintiff and what services were provided, and,
moreover, lists a date that is anachronistic in relation to the other services cited, as this purported service would have
occurred long after the claims at issue in this matter were submitted to Defendants.  (D.E. 21 ¶ 13.)  This Court
presumes that paragraph 13 of the Complaint was inserted in error, and also notes that the error does not bear on the
proceeding analysis.

[2] The Amended Complaint puts forth that an assignment document was signed by Patient's mother because Patient
is a minor person, but Plaintiff did not provide a copy of the assignment document with the Complaint.  (D.E. 21 ¶
4.)  Because Defendant does not dispute that an assignment document was signed, this Court relies on Plaintiff's
representation that an assignment document exists.

counsel.  (*See* D.E. 27 at 6, 8–9, 12; D.E. 26 at 6,7–14; D.E. 34 at 8–9, 13; D.E. 35 at 6, 10–12.)

Plaintiff again sought additional payment and appealed the claims decision.  (*Id.* ¶¶ 33–38.)

Taking into account any known pay rates and reductions, Plaintiff claims it was underpaid by

approximately $209,130.78.  (*Id.* ¶ 21.)

On March 8, 2022, Plaintiff filed a four-count Complaint in the Superior Court of New

Jersey, Law Division, Passaic County (the "State Court Action") in which it alleged breach of

contract (Count One); unjust enrichment (Count Two); promissory estoppel (Count Three); and

breach of duty of good faith and fair dealing (Count Four).  (D.E. 1-1 at 6–8.)  On April 8, 2022,

Cigna filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446.

(D.E. 1.)  On June 13, 2022, Defendants each filed a Motion to Dismiss Plaintiff's Complaint.

(*See* D.E. 19; D.E. 20.)  On June 27, 2022, Plaintiff filed a one-count Amended Complaint ("AC")

in which it seeks recovery of benefits under ERISA § 502(a)(1), codified at 29 U.S.C.

§ 1132(a)(1)(B).  (*See* D.E. 21.)  On July 25, 2022, Defendants each filed a Motion to Dismiss

Plaintiff's AC.  (D.E. 26; D.E. 27.)  After the parties requested multiple extensions of due dates

for the briefs, Plaintiff submitted opposition briefs on October 18, 2022, (D.E. 34; D.E. 35), and

Defendants replied on November 7, 2022, (D.E. 36; D.E. 37).

## II.      LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the

pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

allegations must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. WRIGHT & A. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1216, 235–36 (3d ed. 2004)); *see also Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief" (quoting *Twombly*, 550 U.S. at 555)).

Generally, courts apply the Rule 12(b)(6) standard when a defendant challenges a plaintiff's standing to bring an ERISA claim. *Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 62 n.1 (3d Cir. 2019) ("[W]hether a party has derivative standing to file an ERISA claim 'involves a merits-based determination,' such that a motion to dismiss for lack of ERISA standing . . . is 'properly filed under Rule 12(b)(6).'" (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015))). When considering a Motion to Dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Moreover, a court may look beyond the pleadings and "consider 'document[s] integral to or explicitly relied upon in the complaint,' or any 'undisputedly authentic document that a

4

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'"  *Pinkney v. Meadville, Pa.*, No. 21-1051, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016)).

## III.     DISCUSSION

Cigna and Arcadis each contend that pursuant to ERISA, Plaintiff lacks standing to bring a claim because the SPD operative at the time of Patient's surgery—the 2018 SPD, not the 2017 SPD—contains an unambiguous anti-assignment clause.  (*See* D.E. 27 at 6, 8–9, 12; D.E. 26 at 6,7–14.)  Plaintiff does not dispute that the 2018 SPD contains such a clause, or that the clause was controlling at the time the services were rendered.  (*See* D.E. 34 at 8–9, 13; D.E. 35 at 6, 10–12.)  Rather, Plaintiff asserts that because in 2019 an employee of Cigna errantly sent Plaintiff's counsel an incorrect version of the SPD—the 2017 SPD instead of the 2018 SPD, that errant submission constituted a waiver of Defendants' right to enforce the 2018 SPD's anti-assignment provision, and equitable estoppel requires this Court to ignore the anti-assignment clause in the operative 2018 SPD and allow the matter to proceed as though the 2017 SPD were the controlling SPD.  (*See generally* D.E. 34 and D.E. 35.)  Plaintiff's argument strains credulity, and the AC cannot proceed due to lack of standing.

Under ERISA, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan[.]"  29 U.S.C. § 1132(a)(1)(B); *see also* 29 U.S.C. §§ 1002(7) (defining participant), 1002(8) (defining beneficiary).  Here, it is uncontested that Plaintiff is neither a participant nor a beneficiary as defined by ERISA.  (*See* D.E. 21 ¶¶ 4, 9–10, 16, 39, 52–53.)  Rather, Plaintiff asserts it has derivative standing by virtue of an assignment of Patient's benefits to Plaintiff.  (D.E. 21 ¶¶ 4, 52.)  The assignment, however, cannot be effective because

the 2018 SPD, effective at the time of the service in June 2018, contained the following anti-assignment provision:

> You may not assign to any party, including, but not limited to, a provider of healthcare services/items, your right to benefits under this plan, nor may you assign any administrative, statutory, or legal rights or causes of action you may have under ERISA, including, but not limited to, any right to make a claim for plan benefits, to request plan or other documents, to file appeals of denied claims or grievances, or to file lawsuits under ERISA. Any attempt to assign such rights shall be void and unenforceable under all circumstances.

(D.E. 26-1 at 98.)

Plaintiff does not dispute that the 2018 SPD contains a valid anti-assignment clause. The anti-assignment clause specifically provides that Patient may not assign rights or benefits to other parties, that Patient may not assign the right under ERISA "to request plan or other documents [or] to file appeals of denied claims or grievances," and that "under all circumstances," any attempt to assign is void and unenforceable. (*Id.*) According to that clear language, Patient was not permitted to assign the claim to Plaintiff, and—critically—Plaintiff did not have a right to request plan documents from Defendants, including the errantly requested and errantly provided 2017 SPD.[3]

While Plaintiff maintains that Defendants each waived the right to enforce the anti-assignment clause in the operable 2018 SPD, there is no indication of an intentional and knowing relinquishment of a right by either Defendant. *See Gregory Surgical Services., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 06-462, 2006 WL 1541021, at *2 (D.N.J. June 1, 2006) (noting that "[w]aiver must be voluntary and there must be a clear act showing the intent to waive

---

[3] Of note, but not critical to this analysis, the SPD provided by Cigna to Plaintiff reflects the year "2017" on the cover (the year prior to the 2018 surgery), and the letter from the Cigna employee references a completely different client of Cigna—both of which Plaintiff failed to address in the Complaint and briefing to this Court. (See D.E. 21; D.E. 34; D.E. 35.) These discrepancies should have put Plaintiff on notice that the SPD provided may not control because it had a year different from the year the service was performed (2018), and a different client of Cigna was noted on the letter.

the right," and "waiver presupposes a full knowledge of the right and an intentional surrender" (quoting *Cnty. of Morris v. Fauver*, 707 A.2d 958 (1998))).  Here, no meaningful or actual waiver occurred; Plaintiff had Patient effect the assignment before Plaintiff received the errant SPD in 2019, and the 2018 SPD clearly controlled, regardless of when Plaintiff was alerted of its existence. Rather than withdrawing the AC once Plaintiff received the correct 2018 SPD reflecting the anti-assignment clause, Plaintiff instead has proceeded on grounds for which there is no legal basis. While this Court views the facts presented in the AC in a light favorable to Plaintiff, *see Phillips*, 515 F.3d at 231, the documents provided by Defendant prompt this Court to "look beyond the pleadings" and consider the 2018 SPD because it is integral to the Complaint and is an "undisputedly authentic document" related to Plaintiff's claim, *Pinkney*, 2022 WL 1616972, at *2 (quoting *Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d at 133).  This Court cannot disregard the unambiguous anti-assignment provision in the 2018 SPD, which was in full force and effect at the time Plaintiff rendered medical services to Patient.  The 2018 SPD controls, rendering the assignment ineffective; consequently, Plaintiff cannot establish standing.  Defendants' Motions to Dismiss, therefore, are granted.

## IV.      CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss, (D.E. 26; D.E. 27), are each **GRANTED with prejudice**.  An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties