<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 10, 2023

Lori Shlionsky, Esq.
Callagy Law, PC
650 From Road
Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff*

Debra A. Clifford, Esq.
Eric Evans Wohlforth, Jr., Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102
*Counsel for Defendant Cigna Health and Life Ins. Co.*

Jocelyn Annise Merced, Esq.
John William Fogarty, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue
Suite 400
Morristown, NJ 07960
*Counsel for Defendant Arcadis, Inc.*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

Re:   *University Spine Center, on assignment of Dylan F. v. Cigna Health and Life Ins. Co. and Arcadis U.S., Inc.*
      **Civil Action No. 22-02051 (SDW) (LDW)**

Counsel:

Before this Court are Plaintiff's Motion to Alter or Amend the Judgment, (D.E. 42) and Motion for Leave to Amend the Complaint, (D.E. 43). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, Plaintiff's Motions are **DENIED**.

**DISCUSSION**

    A. <u>Pertinent Facts and Procedural History</u>

    Plaintiff is a healthcare provider located in Passaic County, New Jersey that rendered medical services to Dylan F. ("Patient") on or around June 25, 2018, and possibly on June 26, 2018,[1] (D.E. 21 ¶¶ 3, 12, 14.) Patient is a participant in the Cigna Open Access Plus Medical Benefits, Clients PPO Plus Plan ("the Plan"), a health benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* ¶¶ 1, 10, Ex. A.) Cigna is the Claims Administrator for certain benefits under the Plan, and Arcadis is the Plan Sponsor and Plan Administrator. (*Id.* ¶ 10; D.E. 26 at 7.)

    Plaintiff alleges that it obtained an assignment of benefits from Patient[2] and submitted a Health Insurance Claim Form ("HICF") demanding reimbursement from Defendant in the amount of $376,651.00. (D.E. 21 ¶¶ 4, 19, Ex. E.) Defendant thereafter issued payment to Plaintiff in the amount of $8,048.58 for Patient's treatment costs. (*Id.* ¶ 20, Ex. C.) Plaintiff disputed Defendants' calculation of the reimbursement and sought to recover additional payment from Defendants. (*Id.* ¶¶ 24–25, 26, Ex. F, 27.) On January 4, 2019, Plaintiff requested a copy of the Summary Plan Description ("SPD") from Cigna. (*Id.* ¶ 28.) On January 17, 2019, a representative from Cigna sent a 2017 SPD to Plaintiff. (*Id.* ¶ 29). The letter from the representative notes that it pertains to Dylan F., but states that the SPD being sent is in reference to services provided to "the Perth Amboy Board of Education." (*See id.* ¶ 29, Ex. H.) The 2017 SPD did not have an anti-assignment clause. (*Id.* ¶ 32, Ex. D.) The 2018 SPD—the SPD that pertains to the services rendered, which does have an anti-assignment clause—was not sent at that time, but was later provided to Plaintiff's counsel. (*See* D.E. 27 at 6, 8–9, 12; D.E. 26 at 6,7–14; D.E. 34 at 8–9, 13; D.E. 35 at 6, 10–12.) Plaintiff again sought additional payment and appealed the claims decision. (*Id.* ¶¶ 33–38.) Taking into account any known pay rates and reductions, Plaintiff claims it was underpaid by approximately $209,130.78. (*Id.* ¶ 21.)

    On March 8, 2022, Plaintiff filed a four-count Complaint in the Superior Court of New Jersey, Law Division, Passaic County (the "State Court Action") in which it alleged breach of contract (Count One); unjust enrichment (Count Two); promissory estoppel (Count Three); and breach of duty of good faith and fair dealing (Count Four). (D.E. 1-1 at 6–8.) On April 8, 2022, Cigna filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446. (D.E. 1.) On June 13, 2022, Defendants each filed a Motion to Dismiss Plaintiff's Complaint. (*See* D.E. 19; D.E. 20.) On June 27, 2022, Plaintiff filed a one-count Amended Complaint ("AC")

---

[1] The Amended Complaint discusses a reconstructive surgery Patient underwent on June 26, 2018, but does not specify whether providers employed by Plaintiff performed the surgery. (D.E. 21 ¶ 14.) Additionally, the Amended Complaint states that a medical provider named Michael J. Conn "provided medically necessary services" to Patient on June 19, 2020, but does not specify whether this provider is associated with Plaintiff and what services were provided, and, moreover, lists a date that is anachronistic in relation to the other services cited, as this purported service would have occurred long after the claims at issue in this matter were submitted to Defendants. (D.E. 21 ¶ 13.) This Court presumes that paragraph 13 of the Amended Complaint was inserted in error, and also notes that the error does not bear on the proceeding analysis or this Court's analysis in its February 21, 2023 Opinion.

[2] The Amended Complaint puts forth that an assignment document was signed by Patient's mother because Patient is a minor person, but Plaintiff did not provide a copy of the assignment document with the Amended Complaint. (D.E. 21 ¶ 4.) Because Defendant does not dispute that an assignment document was signed, this Court relies on Plaintiff's representation that an assignment document exists.

in which it seeks recovery of benefits under ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B). (*See* D.E. 21.) On July 25, 2022, Defendants each filed a Motion to Dismiss Plaintiff's AC. (D.E. 26; D.E. 27.) This Court granted Defendants' Motions on February 21, 2023. (D.E. 38.) On March 21, 2023, Plaintiffs filed the instant Motion to Alter or Amend the Judgment, (D.E. 42) and a Motion for Leave to Amend the Complaint, (D.E. 43). The parties thereafter completed timely briefing. (*See* D.E. 52; D.E. 53; D.E. 54; D.E. 58; D.E. 59; D.E. 60.)

B. Standards of Review

1. Motion to Alter or Amend the Judgment

A motion to alter or amend a judgment, often colloquially referred to as a motion for reconsideration, is governed by Rule 59(e) of the Federal Rules of Civil Procedure ("Rule") and Local Civil Rule ("Local Rule") 7.1. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A motion to alter or amend a judgment may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). Such motions are "extremely limited procedural vehicle(s)," should be granted "very sparingly," *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted), and are "not . . . vehicle[s] for . . . litigant[s] to raise new arguments . . . ," *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013).

2. Motion for Leave to Amend the Complaint

Rule 15(a) provides discretion to courts to give leave to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen a timely motion to amend the complaint is filed under Rule 59(e), 'the Rule 15 and 59 inquiries turn on the same factors,' and leave to amend must be assessed for 'undue delay, bad faith, prejudice to the opposing party, or futility.'" *Lacey v. City of Newark*, 828 Fed. Appx. 146, 150 (3d Cir. 2020) (quoting *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367–68 (3d Cir. 2013)).

C. Discussion

Plaintiff requests alteration of this Court's prior decision based on Plaintiff's purported ability to cure a fatal jurisdictional deficiency via further amendment of the Complaint. (*See* D.E. 42-1; D.E. 43-1; D.E. 58; D.E. 59; D.E. 60.) The proposed cure consists of new evidence that was not available when this Court reached its decision—specifically Plaintiff's obtaining a Power of Attorney ("POA") from Dylan F. (the "Patient") in March 2023. (*See* D.E. 43-4 at 192–200.) The Plaintiff asserts that the POA will purportedly enable Dr. Arash Emami to serve as the Patient's attorney-in-fact and seek additional reimbursement for University Spine Center. (*Id.*)

The proposed jurisdictional cure Plaintiff puts forth, however, is insufficient. Plaintiff cites *Abramson v. Aetna Life Ins. Co.*, No. 22-cv-05092, 2023 WL 3199198, at *4–9 (D.N.J. May 2, 2023) as authority that supports the argument that a POA can confer standing even when there is

an anti-assignment provision in an ERISA plan. (See D.E. 61.) The factual posture and Court's decision in that matter, however, are inapposite to those in the context of this matter. The POA in *Abramson* functioned to permit the physician to serve as an attorney-in-fact to recover monies that the patient would otherwise incur as debt due to underpayment of the physician's bill, thereby seeking payment on behalf of and for the benefit of the patient—not seeking to secure additional payment without benefit to the patient. *Id.* at *9.

Here, the Amended Complaint and Proposed Amended Complaint do not put forth an allegation that the patient will incur any debt, but instead only dispute Defendants' reimbursement calculation. (See D.E. 21 ¶ 25; D.E. 43-4 at ¶ 24.) Plaintiff seeks to use the POA to circumvent the anti-assignment provision for the apparent benefit of Plaintiff, rather than to serve as an attorney-in-fact to benefit the Patient. Such a scheme constitutes improper use of a POA in this context. As this Court has previously found, a physician plaintiff may not use a POA as an end-run around an anti-assignment provision when seeking to recover additional payment for the physician, rather than seeking to prevent expense to the patient. *See Hutchins by Tainsh v. Teamsters W. Region and Local 177 Healthcare Plan*, No. 22-4583, 2023 WL 2859803, at *1–4 (D.N.J. Apr. 10, 2023) (finding that a POA cannot confer standing when an attorney-in-fact "is not acting as an agent and is instead clearly representing her own interests in an obvious end-run around the anti-assignment provision of the ERISA plan"); *see also Tamburrino v. UnitedHealth Grp. Inc.*, No. 21-12766, 2022 WL 1213467, at *3 (D.N.J. April 25, 2022); *Personal Image, PC v. Tech Briefs Media Grp. Med. Plan*, No. 20-3747, 2021 WL 486905, at *4 n.5 (D.N.J. Feb. 10, 2021). In sum, Plaintiff has not demonstrated that the POA will "overcome the anti-assignment provision of the 2018 Summary Plan Description [("SPD")]"and confer standing to University Spine Center or Dr. Emami. (D.E. 42-1 at 5.)

Because Plaintiff's Motion to Alter or Amend the Judgment presents insufficient grounds to cure the fatal jurisdictional deficiency discussed in this Court's February 21, 2023 Opinion, the Motion must be denied. Consequently, because Plaintiff cannot establish standing, further amendment of the Complaint would be futile. *Lacey*, 828 Fed. Appx. at 150. Therefore, Plaintiff's Motion for Leave to Amend the Complaint must likewise be denied. *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) ("Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend.").

### **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Alter or Amend the Judgment, (D.E. 42) and Motion for Leave to Amend the Complaint, (D.E. 43) are **DENIED**. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          Leda D. Wettre, U.S.M.J.